UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND, and
MASSACHUSETTS SERVICE EMPLOYEES PENSION
FUND,

                                                                                                   COMPLAINT

                                                   Plaintiffs,

       -against-

EMERALD GREEN BUILDING SERVICES, LLC,

                                                 Defendant.
--------------------------------------------------------------------------------X

        Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund"), Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund") and Massachusetts Service Employees Pension Fund ("Pension Fund"), collectively referred to herein as the "Funds", as and for their Complaint against Emerald Green Building Services, LLC ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1.     This is a civil action brought pursuant to Sections 502(a)(3) and (g)(2) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3) and (g)(2), and 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund, legal services fund, safety fund and pension fund, for legal, injunctive and other equitable relief under ERISA and the Taft-Hartley Act to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions to the Funds as per their agreement to pay same through electronic transfer. This Complaint alleges that by failing, refusing or neglecting to register with the respective Funds' electronic payment

systems and electronically paying and submitting the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreement, the trust agreements of the Funds, the rules and regulations of the Funds and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

5. The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).

6. The Funds are third-party beneficiaries under the collective bargaining agreement giving them standing to enforce those provisions of the collective bargaining agreement applicable to the Funds.

7. The purpose of the Funds is, inter alia, to receive contributions from employers, who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits, prepaid legal services benefits, training, scholarship and safety benefits, and pension benefits, to those employees eligible to receive them. Each of the Funds maintains an office and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

9. Upon information and belief, at all times material hereto Defendant was, and continues to be, a for-profit Massachusetts corporation owning and operating a commercial business having a principal place of business at 4 Tower Farm Road, Billerica, County of Middlesex, State of Massachusetts, 01821, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145). Defendnat was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

10. Upon information and belief, Defendant is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to each of the Funds, for Defendant's employees within the unit set forth in the Agreement with Union.

11. On or about February 1, 2019, the training fund identified in the collective Agreement as the "SEIU New England Property Services Training Fund" was merged into the plaintiff, Training Fund.

12. The Agreement provided in relevant part:

> By agreeing to make the required payments into the Funds, the Employer [Defendant] hereby adopts and shall be bound by the Agreement and

    Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees of the Funds shall make such amendments to the Trust Agreements, and shall adopt such regulations as may be required to conform to applicable law.

13. The Agreement and Declaration of Trust ("Trust Agreement") of the Health Fund provides in pertinent part:

  A) ARTICLE III:
    CONTRIBUTING EMPLOYERS
    Industry Employers.
    A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
    (b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

  B) ARTICLE V
    POWERS OF THE TRUSTEES
    Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

    (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

  C) ARTICLE V
    POWERS OF THE TRUSTEES
    Section 3.
    General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

      (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

  D)  ARTICLE VIII
      OBLIGATIONS OF EMPLOYERS
      Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

      Section 4. Reports to Trustees. Each Employer shall make such reports to the Fund as maybe required by the Trustees for the proper administration of the Plan and Trust Fund....

14. The Legal Fund and the Training Fund Trust documents include identical language. The Pension plan has similar provisions, including the following:

      To make such other policies, rules and regulations as may be necessary for the administration of the Pension Plan which are not inconsistent with the purposes of this Agreement and Declaration of Trust.

15. Pursuant to the authority vested in them under the respective Trust Agreements, the Trustees of the respective Funds promulgated rules and regulations that, all contributing employers, including Defendant, would be required to register with the Funds' electronic reporting and remittance system ("ESS"), and henceforth provide the Funds with the required employee update information and payment through ESS.

16. Defendant entered into the collective bargaining agreement with the Union with an effective date of July 12, 2018.

17. Since July 12, 2018 and through this date, the Defendant has failed and refused to register with and participate in ESS and Defendant continues to fail and refuse to register with and participate in ESS. As a result of the failure to register, Defendant has not made any contractually and/or ERISA mandated contributions to any of the Funds on behalf of Defendant's employees who are entitled to the benefits.

18. The Defendant's continued refusal to comply with the respective Funds' rules and regulation can result, and is resulting, in the employees being denied fringe benefits and medical insurance as a consequence of the non-registration and the non-payments.

19. Each of the Funds maintains collection policies, to which the Defendant is bound, as per the above quoted provisions from the Agreement. The policy of the Health Fund, the Training Fund and the Legal Services Fund, mandate, in pertinent part:

> **[] Contributions.** Must be remitted electronically on or before the 20th calendar day of each month for payroll periods ending in the preceding month.
> **When a Contribution is "Received" by the Funds.** A contribution is received by the Funds only if the money is transmitted electronically on or before 7:00 p.m. on the specified date. If the specified date falls on a weekend or holiday, the contribution is received only if the money is transmitted electronically on or before 7:00 p.m. on the last business day before the specified date.

20. The collection policy further mandates a remedial scheme, requiring:

> **Consequences of delinquency. …**
> **A. Interest.**
> **1.** The interest rate is 9% per year,...
> **2.** Interest will be calculated as follows: ….
> **b.** for all other contributions, beginning on the 21st day of the month for payroll periods ending in the preceding month.
> **3.** One month's interest will be charged for each month or part of a month that the delinquency continues, i.e., a full month's interest will be charged on the beginning date specified in **A.2** (whichever is applicable) and an additional month's interest will be charged for each following month or part of a month thereafter on any part of the delinquency that remains outstanding. …
> **4.** Interest is calculated only on the principal amount due, and no interest shall accrue on interest. …
> **B. Liquidated Damages.** The rate of liquidated damages is 20% of total principal due, unless the delinquency is resolved without the need for arbitration or litigation. …
> **C. Other costs of collection.** As provided by the collective bargaining agreements, an employer that fails to pay required contributions on time or fails to make proper and timely remittance reports may be required to pay all of the Funds' expenses of collection or enforcement, including arbitration costs, court costs, and attorney's fees, in addition to the interest and liquidated damages provided in **A** and **B**.

21. The Pension Fund has similar collection policies, providing in pertinent part:

    A. Contributions. Must be remitted electronically on or before the 20th calendar day of each month for payroll periods ending in the preceding month.
    B. When a Contribution is "Received" by the Funds. A contribution is received by the Funds only if the money is transmitted electronically on or before 7:00 p.m. on the specified date. If the specified date falls on a weekend or holiday, the contribution is received only if the money is transmitted electronically on or before 7:00 p.m. on the last business day before the specified date.
    II. Definition of a delinquency. When the term "delinquency" is used in this Delinquency Collection Program, it includes all of the following:…
    Consequences of delinquency.
    Interest will accrue on contributions that are not paid by the due date.
    A.Interest.1.The interest rate is 9% per year, subject to review and adjustment by the trustees at any time that the trustees determine that the rate is no longer appropriate in light of prevailing interest rates, or other relevant factors….
    2.Interest will be calculated beginning on the 21st day of the month for payroll periods ending in the preceding month.
    3.One month's interest will be charged for each month or part of a month that the delinquency continues, i.e., a full month's interest will be charged on the beginning date specified in A.2 (whichever is applicable) and an additional month's interest will be charged for each following month or part of a month thereafter on any part of the delinquency that remains outstanding. …
    B. Liquidated Damages. The rate of liquidated damages is 20% of total principal due, unless the delinquency is resolved without the need for arbitration or litigation.
    C. Other costs of collection. As provided by the collective bargaining agreements, an employer that fails to pay required contributions on time or fails to make proper and timely remittance reports may be required to pay all of the Funds' expenses of collection or enforcement, including arbitration costs, court costs, and attorney's fees, in addition to the interest and liquidated damages ….

22. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and Defendant is further liable for the additional amount of statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)).

23. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and Defendant is further liable for the additional amount of statutory damages, together with reasonable attorneys' fees, interest on

the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to the Agreement, as mandated under 29 U.S.C. 185.

24. The Fund seeks an preliminary and permanent injunctive relief directing the Defendant to comply with its Agreement with the Union and to immediately comply the Funds' ESS rules and regulations requiring that the Defendant be ordered to register with the electronic payment system, and to remit the employee status information and payment electronically, for all past due contributions and prospectively for as long as Defendant is contractually obligated to so contribute, in addition to the remedies provided under ERISA and the Agreement.

WHEREFORE, the Fund respectfully prays that judgment be entered in favor of the Funds and against Defendant, directing Defendant to comply with the Funds' rules and regulations by registering with ESS and henceforth providing employee status information and contributions to the Fund through ESS for as long as the Defendant is obligated to contribute to the Funds, and that the Funds be granted such other and further relief as the Court deems just and proper, including relief under ERISA of liquidated damages, attorney's fees, costs and disbursements and relief under the collective bargaining agreement mandating payment of interest, liquidated damages, attorney's fees and costs of this litigation.

Dated:  Fort Lee, New Jersey
        August 6, 2020

                                          RAAB, STURM & GANCHROW, LLP

                                    By:   s/ Ira A. Sturm
                                          Ira A. Sturm (IS-2042)
                                          *Attorneys for Plaintiffs Funds*
                                          2125 Center Avenue, Suite 100
                                          Fort Lee, new Jersey 07024
                                          201-292-0150
                                          Fax: 201-292-0152
                                          Email: isturm@rsgllp.com